ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C  Atlanta

OCT 1 2 2006

JAMES N HATTEN, Clerk
By: ␣␣␣␣␣␣␣␣␣␣ Deputy Clerk

| | |
|---|---|
| The UNITED STATES OF AMERICA  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>The STATE of GEORGIA; and  )<br>CATHY COX, Secretary of State,  )<br>in her official capacity,  )<br>)<br>Defendants.  )<br>_____ ) | Civil Action No.<br><br>**1 06 CV 2442**<br><br>-CC- |

## COMPLAINT

The plaintiffs UNITED STATES OF AMERICA herein, alleges:

1.  The United States hereby files this action on behalf of the United States of America to enforce the requirements of the Civil Rights Act of 1960, 42 U.S.C. § 1974 *et seq.* ("CRA"), with respect to the production of voter registration data for federal office in the State of Georgia. 42 U.S.C. §§1974 and 1974b.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 1974d.

3. Venue for this action is proper in the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 90 and 1391(b).

## PARTIES

4. Plaintiff the UNITED STATES OF AMERICA seeks to compel production of records pursuant to 42 U.S.C. §§ 1974b and 1974d, which authorize the Attorney General of the United States to bring suit when a jurisdiction fails to maintain and/or make available all records and papers relating to voter registration for federal elections.

5. Defendant STATE of GEORGIA is a State of the United States of America and is subject to the requirements of 42 U.S.C. § 1974.

6. Defendant CATHY COX is the Secretary of State and the chief State elections official for the defendant STATE of GEORGIA and is responsible for custody and maintenance of voter registration records for all persons eligible to vote under State law. O.C.G.A. § 21-2-210; 42 U.S.C. § 1974e.

## CLAIM FOR RELIEF

7. Under Section 1974, every officer of election shall retain and

preserve, for a period of twenty-two (22) months from the date of any federal election, all records and papers relating to voter registration. 42 U.S.C. § 1974.

8. Any record or paper required to be retained and preserved under 42 U.S.C. § 1974, upon written demand by the Attorney General or his representatives, must be made available to the Attorney General or his representatives for inspection, reproduction and copying. 42 U.S.C. § 1974b.

9. On July 11, 2006, attorneys for the Department of Justice ("Department"), representatives of the Attorney General, sent a letter ("demand letter"), pursuant to 42 U.S.C. § 1974b, to the Deputy Attorney General of Georgia, Counsel for the Secretary of State, formally demanding, among other things, the current Georgia voter registration list including the voters' social security numbers, and providing a basis for that demand, specifically to assess compliance by the State with the procedures for voter registration at motor vehicle licensing and other State agencies, as well as the list maintenance provisions of the National Voter Registration Act, 42 U.S.C. § 1973gg *et seq.* ("NVRA").

10. The July 11, 2006, demand letter requested the voter registration list including the full social security number for each voter regularly maintained by

the State as part of voter registration.

11. The State has declined to provide the records absent an Order from a Court of the United States in light of a State statute limiting access to such records. O.C.G.A. § 21-2-225. This statute is superseded, however, by the relevant federal statute. See 42 U.S.C. § 1974b; U.S. CONST. art VI, cl.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the UNITED STATES OF AMERICA prays for an order:

1. Declaring that Defendants are in violation of 42 U.S.C. § 1974b with respect to the production of voter registration data, which they are required to provide upon demand in writing to the Attorney General;

2. Compelling Defendants to immediately make available for inspection, reproduction and copying, the requested voter registration records, in electronic format pursuant to 42 U.S.C. § 1974b.

3. Plaintiff further prays that this Court order such relief as the interest of justice may require, together with the costs and disbursements of this action.

Dated: October 10, 2006.

Respectfully submitted,

By:

DAVID E. NAHMIAS
United States Attorney

*/s/ S.D. St*
SHARON D. STOKES
GA Bar No. 227475
Assistant U.S. Attorney

ALBERTO R. GONZALES
Attorney General

WAN J. KIM
Assistant Attorney General
Civil Rights Division

JOHN TANNER
DC Bar No. 318873
Chief, Voting Section

ROBERT D. POPPER
NY Bar No. 2357275
Special Litigation Counsel
CHRISTY A. McCORMICK
VA Bar No. 44328
NICOLE S. MARRONE
PA Bar No. 89863
Trial Attorneys
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: 202-305-0526
Facsimile: 202-307-3961